[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON NUMBER OF PEREMPTORY CHALLENGES
At a trial management conference, this court announced its preliminary determination concerning the number of peremptory challenges to be accorded to each party. The claims of seven plaintiffs will be tried, and the court indicated that each of these plaintiffs will be accorded four peremptory challenges. The court indicated that defendant Ernst Young, LLP would have four challenges, that defendant Levy Droney, P.C. would have four challenges, and that defendant Joseph A. Vitale would have four challenges. Defendants Levy Droney, P.C. and Vitale are represented by the same counsel. All seven of the plaintiffs are represented by the same counsel. The court allowed all parties an opportunity to brief any objection to its planned allocation of challenges.
Ernst Young LLP has filed a brief urging this court to regard the seven plaintiffs as having a unity of interest, such that the seven should collectively have only four peremptory challenges. The other defendants have not filed any brief within the time allowed. The movant notes that all seven plaintiffs are represented by the same law firm and that they agreed to be bound by the terms of any settlement favored by a majority of the plaintiffs.
None of the plaintiffs is related to any other, and none has alleged any ownership interest in the assets of any other plaintiff. Each claims to be a resident or executor of the estate of a resident of East Hill Woods and to have executed an individual residence agreement with that entity. The plaintiffs' transactions took place at different times and their claims CT Page 13262 relate to different financial disclosures.
This court does not find that any of these unrelated plaintiffs with discrete claims has a unity of interest with any other plaintiff. To the extent that the plaintiffs' retention of the same counsel and agreements with regard to settlement could be characterized as creating a unity of interest, the court exercises its discretion to allow each plaintiff his or her own four peremptory challenges. In Walsh v. Stonington WaterPollution Control Authority, 250 Conn. 443 (1999), two married couples who jointly owned their residences sued alleging damages from nuisance. The trial court's ruling awarding each husband and each wife four challenges was upheld. Like Walsh v. StoningtonWater Pollution Control Authority, supra, 250 Conn. 466, this case entails allegations of unique and personal harm suffered by distinct persons, a circumstance which justifies an exercise of discretion to allow each plaintiff four challenges to protect his or her individual interest.
The allocation of challenges shall be as announced previously, and each of the four plaintiffs shall have four challenges to exercise in the selection of a jury of six plus four alternates.
Beverly J. Hodgson Judge of the Superior Court